IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02384-BNB

KEVIN FRANCIS JONES,

    Plaintiff,

v.

MARCUS LEHMKUHL,
CITY OF COLORADO SPRINGS, COLORADO,
COLORADO SPRINGS POLICE DEPARTMENT,
RICHARD MYERS,
LIONEL RIVERA,
R.A. YOHN,
AL HARMON,
BRET POOLE,
EL PASO COUNTY, COLORADO,
EL PASO COUNTY SHERIFF'S DEPARTMENT, and
ONE TO TEN UNKNOWN DEFENDANTS TO BE IDENTIFIED THROUGH
    DISCOVERY AND TRIAL,
    Sued Individually and in Their Official Capacities,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Kevin Francis Jones, is in the custody of the Federal Bureau of Prisons and is incarcerated at the Federal Correctional Institute in Sheridan, Oregon. He has filed *pro se* a Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Mr. Jones filed an amended complaint on October 19, 2011. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and has paid an initial partial filing fee.

    The Court will construe the amended complaint liberally because Mr. Jones is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall**

*v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  The Court has reviewed the complaint and has determined that it is deficient.  Mr. Jones therefore will be directed to file a second amended complaint for the reasons discussed below.

Mr. Jones alleges in his amended complaint that the State of Colorado has issued him a Colorado Medical Marijuana Card, also known as a "red card," which authorizes him to grow a certain number of marijuana plants.  Plaintiff alleges that he uses the marijuana he grows for medical purposes and has also established a business, "Nature's Remedy," to provide medical marijuana products and services.  He operates "Nature's Remedy" from his residence in Colorado Springs.  Plaintiff alleges that pursuant to Colorado's medical marijuana laws, COLO. REV. STAT. § 12-43.3-101, *et. seq.* (eff. July 1, 2010), Nature's Remedy was allowed to sell up to thirty percent of its total on-hand inventory to another Colorado licensed medical marijuana licensee. Plaintiff alleges that before state statutory law clarified this business practice as legal, however, Defendants Lehmkuhl obtained a search warrant for Plaintiff's residence that was executed on February 19, 2011, by Defendant Lehmkuhl, the El Paso County Sheriff's Department swat team, and Defendants Poole, Harmon, Yohn, and other unknown police officers of the Colorado Springs Police Department.  Mr. Jones states that during the search, the police found two "grow rooms" containing numerous marijuana plants and seized 444.6 grams of marijuana.  Officers also seized Plaintiff's "red card," as well as other documentation relating to the operation of Nature's Remedy. Plaintiff was arrested at the time of the search, released at the conclusion of the search,

and then arrested again later on various drug-related charges. The criminal charges were dismissed in April 2010 on the prosecutor's motion, after Plaintiff was detained for approximately forty-six days. Mr. Jones claims that all of the Defendants have violated his Fourth Amendment rights and his Fourteenth Amendment due process rights and that the municipal and supervisory Defendants are liable for failure to train and supervise. Plaintiff also brings several supplemental state law claims. Mr. Jones seeks declaratory relief and damages.

Mr. Jones' amended complaint is deficient because he fails to allege facts to show the personal participation of Defendant Lionel Rivera, the mayor of Colorado Springs, and Richard Myers, the Chief of Police of Colorado Springs, in the alleged violation of his constitutional rights. Mr. Jones is advised that personal participation by the named defendants is an essential allegation in a civil rights action. **See Kite v. Kelly,** 546 F.2d 334, 338 (1976). Mr. Jones therefore must show that each named Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). A supervisor cannot be held liable merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for a constitutional violation that he or she has caused. **See Dodds v. Richardson,** 614 F.3d 1185, 1199 (10th Cir. 2010). Accordingly, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993); **see also Richardson**, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be

liable under § 1983 [or **Bivens**] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting **Rizzo v. Goode**, 423 U.S. 362, 371 (1976)).

Plaintiffs may not sue the Colorado Springs Police Department because the police department is not separate from the municipality of Colorado Springs, Colorado, and, therefore is not a person subject to suit under § 1983. **See Stump v. Gates**, 777 F. Supp. 808, 814-16 (D. Colo. 1991), **aff'd**, 986 F.2d 1429 (10th Cir. 1993). Likewise, the El Paso County Sheriff's Department is not an entity separate from El Paso County.

In addition, a local government entity such as Colorado Springs or El Paso County is not liable under 42 U.S.C. § 1983 solely because its employees inflict injury on a plaintiff. **Monell v. New York City Dep't of Social Servs.**, 436 U.S. 658, 694 (1978); **Hinton v. City of Elwood, Kan.**, 997 F.2d 774, 782 (10th Cir. 1993). A plaintiff seeking to hold a municipality or county liable for his injuries under 42 U.S.C. § 1983 must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. **City of Canton, Ohio v. Harris**, 489 U.S. 378, 385 (1989); **Myers v. Oklahoma County Bd. of County Comm'rs**, 151 F.3d 1313, 1316-20 (10th Cir. 1998). Plaintiffs cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. **See Monell**, 436 U.S. at 694.

Finally, Mr. Jones may use fictitious names, such as Jane or John Doe, if he does not know the real names of some of the individuals who allegedly violated his rights. However, if Mr. Jones uses fictitious names he must provide sufficient

information about each defendant so that each defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Plaintiff, Kevin Francis Jones, file **within thirty (30) days from the date of this order,** a second amended complaint on the court-approved Prisoner Complaint form that complies with the directives in this Order. It is

FURTHER ORDERED that Mr. Jones shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Jones fails to file a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, some of the Defendants will be dismissed without further notice.

DATED December 7, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge