IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02384-BNB

KEVIN FRANCIS JONES,

    Plaintiff,

v.

MARCUS LEHMKUHL,
CITY OF COLORADO SPRINGS, COLORADO,
COLORADO SPRINGS POLICE DEPARTMENT,
RICHARD MYERS,
LIONEL RIVERA,
R.A. YOHN,
AL HARMON,
BRET POOLE,
EL PASO COUNTY, COLORADO,
EL PASO COUNTY SHERIFF'S DEPARTMENT, and
ONE TO TEN UNKNOWN DEFENDANTS TO BE IDENTIFIED THROUGH
    DISCOVERY AND TRIAL,
    Sued Individually and in Their Official Capacities,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff, Kevin Francis Jones, is in the custody of the Federal Bureau of Prisons and is incarcerated at the Federal Correctional Institute in Sheridan, Oregon. Mr. Jones initiated this action by filing *pro se* a Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Mr. Jones filed an amended complaint on October 19, 2011. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and has paid an initial partial filing fee.

On December 7, 2011, Magistrate Judge Boyd N. Boland determined that the amended prisoner complaint was deficient because Plaintiff failed to allege the personal participation of all named Defendants in the alleged deprivation of his constitutional rights. Accordingly, Magistrate Judge Boland directed Mr. Jones to file a second amended prisoner complaint within thirty days. Mr. Jones submitted a second amended complaint on January 6, 2012.

The Court must construe the second amended complaint liberally because Mr. Jones is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the second amended complaint because Mr. Jones is a prisoner and the Defendants are officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Jones alleges in his second amended complaint that the State of Colorado issued him a Colorado Medical Marijuana Card, also known as a "red card," which

2

authorizes him to grow a certain number of marijuana plants.  Plaintiff alleges that he uses the marijuana he grows for medical purposes and has also established a business, "Nature's Remedy," to provide medical marijuana products and services.  He operates "Nature's Remedy" out of his residence in Colorado Springs.  Plaintiff alleges that pursuant to Colorado's medical marijuana laws, COLO. REV. STAT. § 12-43.3-101, *et. seq.* (eff. July 1, 2010), Nature's Remedy was allowed to sell up to thirty percent of its total on-hand inventory to another Colorado licensed medical marijuana licensee. Plaintiff alleges that before state statutory law clarified this business practice as legal, however, Defendants Lehmkuhl obtained a search warrant for Plaintiff's residence that was executed on February 19, 2010 by Defendant Colorado Springs police officers Lehmkuhl, Poole, Harmon, Yohn and other unknown police officers, with the assistance of El Paso County Sheriff's Department swat team.  Mr. Jones states that the Defendant Colorado Springs police officers "broke down the door," placed him under arrest even after he told them he had a "red card," and then searched his residence.  During the search, the police found two "grow rooms" containing numerous marijuana plants and seized 444.6 grams of marijuana.  Officers also seized Plaintiff's "red card," as well as other documentation relating to the operation of Nature's Remedy.  Plaintiff was released at the conclusion of the search and then re-arrested on various drug-related charges.  The criminal charges were dismissed in April 2010 upon the prosecutor's motion, after Plaintiff was detained for approximately forty-six days.  Mr. Jones claims that the individual police officer defendants lacked probable cause to search his residence, to twice arrest him, and to thereafter detain him, in violation of his Fourth Amendment rights and Fourteenth Amendment due process rights.  He further claims

that the municipal and supervisory Defendants are liable for failure to train and supervise. Plaintiff also brings several supplemental state law claims. Mr. Jones seeks declaratory relief and damages.

However, the Court notes that Mr. Jones fails to allege facts to show the personal participation of Defendant Rivera, the mayor of Colorado Springs, and Defendant Myers, the Colorado Springs Chief of Police, in the asserted constitutional deprivations. Mr. Jones was warned by Magistrate Judge Boland in the December 7 Order that personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Mr. Jones therefore must show that each named Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). A supervisor cannot be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who

actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Mr. Jones alleges that in late 2009 and January 2010, Defendants Rivera and Myers established a municipal task force charged with developing industry standards for the legalized growth and distribution of medical marijuana, but that neither Defendant ever attended a task force subcommittee meeting. Second Amended Compl., at 5-7. Plaintiff further alleges that Defendant Myers announced at a City Hall meeting during that period that "his office would investigate incoming anonymous calls of marijuana growers." *Id.* at 7. Plaintiff also makes a conclusory assertion that Defendants Rivera and Myers adopted a policy or practice by which the City of Colorado Springs Police Department and the El Paso County Sheriff's Department "were going to target marijuana patients and care-givers who were constitutionally-protected to grow marijuana for medicinal purposes." *Id.*

Mr. Jones does not allege a single fact to show that Defendant Mayor Rivera was in any way involved in Colorado Springs Police Department decisions concerning the investigation of medical marijuana growers. Instead, his allegations concerning Defendant Rivera are conclusory. Moreover, Plaintiff's allegation that Defendant Myers intended for the Colorado Springs Police Department to "investigate incoming anonymous calls of marijuana growers" does not, by itself, demonstrate an intent to target licensed medical marijuana growers for unconstitutional searches and seizures. In addition, Mr. Jones does not allege that Defendant Myers knew about, authorized, or acquiesced in the specific searches of Plaintiff's residence or in his arrests.

Mr. Jones has failed to allege an affirmative link between the alleged

constitutional violations and any conduct by Defendants Rivera and Myers.  Because Mr. Jones fails to assert that these Defendants personally participated in violating his constitutional rights, Defendants Rivera and Myers, sued in their personal capacities, are improper parties to the action and will be dismissed. Plaintiff's claims against Defendants Rivera and Myers in their official capacities are construed as claims against the City of Colorado Springs and are addressed below.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

The Court notes that Mr. Jones may not sue the Colorado Springs Police Department because the police department is not separate from the municipality of Colorado Springs, Colorado, and, therefore is not a person subject to suit under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).  Likewise, the El Paso County Sheriff's Department is not an entity separate from El Paso County.

Mr. Jones seeks to hold El Paso County liable on the basis that the El Paso County Sheriff's Department SWAT team assisted the Colorado Springs Police Department in the execution of a search warrant at the Plaintiff's residence.  Mr. Jones alleges that the City of Colorado Springs police officers conducted the search and arrested him both before and after the search.  These allegations are insufficient to show that the El Paso County Sheriff's Department SWAT team implemented an unconstitutional municipal policy or custom.  Mr. Jones was warned previously that a plaintiff seeking to hold a municipality or county liable for his injuries under 42 U.S.C. § 1983 must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489

U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998). Defendant El Paso County cannot be held liable under 42 U.S.C. § 1983 solely because its employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). Further, Mr. Jones cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Moreover, Plaintiff does not allege any facts that would support a reasonable inference that El Paso County failed to train its police officers in the legal enforcement of state medical marijuana laws and that the alleged failure to train amounted to deliberate indifference to the Plaintiff's constitutional rights. A municipality can be held liable under a failure to train theory "[o]nly where a municipality's failure to train its employees in a relevant respect evidences a "deliberate indifference" to the rights of its inhabitants can such a shortcoming be properly thought of as a city "policy or custom" that is actionable under § 1983." *City of Canton*, 489 U.S. at 389.

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Jones' claims against Defendants Lehmkuhl, Yohn, Harmon, Poole and the City of Colorado Springs do not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Defendants Richard Myers, Lionel Rivera, the Colorado Springs Police Department, El Paso County, Colorado, and the El Paso County Sheriff's Department are dismissed as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 18th day of January, 2012.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge