IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 11-cv-02384-WYD-CBS

KEVIN FRANCIS JONES,

    Plaintiff,

v.

MARCUS LEHMKUHL;
CITY OF COLORADO SPRINGS, COLORADO;
R.A. YOHN;
AL HARMON;
BRET POOLE; and,
ONE TO TEN UNKNOWN DEFENDANTS TO BE IDENTIFIED THROUGH
DISCOVERY AND TRIAL, sued individually and in their official capacities,

    Defendants.

_____

**ORDER AFFIRMING AND ADOPTING RECOMMENDATIONS OF UNITED STATES
MAGISTRATE JUDGE**
_____

THIS MATTER is before the Court on: (1) the City Defendants' Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) And 12(b)(6) [ECF No. 40]; (2) plaintiff, Kevin Frances Jones's, Amended Motion For Leave To File Third Amended Prisoner Complaint [ECF No. 65]; (3) Magistrate Judge Shaffer's Recommendations [ECF Nos. 82 & 89]; and, (4) plaintiff, Kevin Francis Jones's, Motion For Reconsideration [ECF No. 97]. For the reasons stated below: (1) Magistrate Judge Shaffer's Recommendations [ECF Nos. 82 & 89] are AFFIRMED and ADOPTED; (2) the City Defendants' Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) And 12(b)(6) [ECF No. 40] is DENIED IN PART and GRANTED IN PART; and, (3) Jones's Motion For Reconsideration [ECF No. 97] is DENIED. Magistrate Judge Shaffer's Recommendations [ECF Nos. 82 & 89] are

incorporated herein by reference. See 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1.

## BACKGROUND

This suit arises out of law enforcement officers' search of plaintiff, Kevin Francis Jones's, residence on February 19, 2010, in which they found two marijuana "grow rooms" and seized inter alia, over 444.6 grams of marijuana. Jones alleges that he owns and operates "Nature's Remedy," a business that provides medical marijuana products and services. In short, Jones alleges that his Colorado Medical Marijuana Card authorized him to grow marijuana in his residence and law enforcement's search of his residence and seizure of marijuana violates the Constitution of the United States and Colorado state law.

On March 22, 2012, the defendants filed a Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) And 12(b)(6) [ECF No. 40] arguing that all of Jones's claims should be dismissed because this Court either lacks subject matter jurisdiction over the claims or that Jones fails to state a claim upon which relief can be granted. On July 30, 2012, Jones filed an Amended Motion For Leave To File Third Amended Prisoner Complaint [ECF No. 65]. During a Motions Hearing on January 31, 2013, Magistrate Judge Shaffer issued a Recommendation [ECF No. 82] on the record that Jones's Amended Motion For Leave To File Third Amended Prisoner Complaint [ECF No. 65] should be denied. On April 26, 2013, Magistrate Judge Shaffer issued a Recommendation [ECF No. 89] regarding the defendants' Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) And 12(b)(6) [ECF No. 40]. In that Recommendation [ECF No. 89], Magistrate Judge Shaffer recommends that the majority of Jones's claims be dismissed with

prejudice, while a select few should be dismissed without prejudice.

On July 1, 2013, I issued a Minute Order [ECF No. 96] granting the defendants' Motion To Strike Plaintiff's Untimely Objections To The Magistrate Judge's Recommendation Or, In The Alternative, For A 30-Day Extension Of Time To File A Response [ECF No. 93]. Thus, I struck Jones's untimely objections to Magistrate Judge Shaffer's Recommendation [ECF No. 89]. On July 9, 2013, Jones filed a Motion For Reconsideration [ECF No. 97] requesting that I reconsider my July 1, 2013, decision to strike his untimely objections.

## ANALYSIS

### A. Jones's Motion For Reconsideration [ECF No. 97]

Pursuant to Rule 72(b)(2) of the FEDERAL RULES of CIVIL PROCEDURE, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." On May 16, 2013, I issued a Minute Order [ECF No. 91] granting Jones's Notice Of Appeal [ECF No. 90], which I construed as a motion for extension of time to file objections to Magistrate Judge Shaffer's Recommendation [ECF No. 89]. In that Minute Order, I granted Jones a 32 day extension, more than double the time provided for under FED. R. CIV. P. 72(b)(2), to file objections to Magistrate Judge Shaffer's Recommendation [ECF No. 89]. I also stated that "[i]f Jones does not file objections [on or before June 17, 2013], I will proceed to review Magistrate Judge Shaffer's Recommendation [ECF No. 89] as though it is free of objections." ECF No. 91, p. 2. On June 18, 2013, Jones filed his Objections To The Recommendation Of The Magistrate Judge CBS [ECF No. 92]. Thus, Jones did not file his objections within the absolute deadline set forth by my

May 16, 2013, Minute Order [ECF No. 91]. Upon motion by the defendants [ECF No. 93], I struck Jones's objections from the record. Jones requests that I reconsider that ruling.

Pursuant to FED. R. CIV. P. 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." When determining whether a party has established excusable neglect, a court considers: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for delay; and, (4) whether the moving party acted in good faith. *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

After reviewing Jones's request under the factors stated above, I find that Jones has not established excusable neglect. Jones had more than double the time provided for by FED. R. CIV. P. 72(b)(2) to file objections to Magistrate Judge Shaffer's Recommendation [ECF No. 89], and he still failed to timely file his objections. Jones does not offer any plausible explanation for his failure. Therefore, Jones's Motion For Reconsideration [ECF No. 97] is DENIED, and I will proceed to analyze Magistrate Judge Shaffer's Recommendation [ECF No. 89] as though it is free from objections.

**B.  Magistrate Judge Shaffer's Recommendations [ECF Nos. 82 & 89]**

Because the parties did not file objections to Magistrate Judge Shaffer's Recommendations [ECF Nos. 82 & 89], I am vested with discretion to review them "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167

(10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do so, I review the Recommendations to "satisfy [my]self that there is no clear error on the face of the record."[1]  Advisory Committee Notes to FED. R. CIV. P. 72(b).

Having reviewed Magistrate Judge Shaffer's Recommendations [ECF Nos. 82 & 89], I am satisfied that there is no clear error on the face of the record.  I find that the Recommendations [ECF Nos. 82 & 89] are thorough, well-reasoned, and sound.

## CONCLUSION

After careful consideration of the matters before this Court, it is

ORDERED that Magistrate Judge Shaffer's Recommendation [ECF No. 82] is **AFFIRMED** and **ADOPTED**.  As such, Jones's Amended Motion For Leave To File Third Amended Prisoner Complaint [ECF No. 65] is **DENIED**.  It is

FURTHER ORDERED that Jones's Motion For Reconsideration [ECF No. 97] is **DENIED**.  It is

FURTHER ORDERED that Magistrate Judge Shaffer's Recommendation [ECF No. 89] is **AFFIRMED** and **ADOPTED**.  As such, it is

FURTHER ORDERED that the defendants' Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) And 12(b)(6) [ECF No. 40] is **DENIED IN PART** and **GRANTED IN PART**.  The motion is **DENIED** to the extent that the following claims are **DISMISSED WITHOUT PREJUDICE** with leave to re-file in a Third Amended Complaint:

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a *de novo* review, FED. R. CIV. P. 72(b).

(1) **Claim One** as it relates to Jones's claim to be free from: (a) unreasonable arrest, search, and seizure; (b) warrantless arrest, search, and seizure; (c) search and seizure without probable cause; (d) malicious prosecution; (e) use of excessive force; and, (f) summary punishment without trial;

(2) **Claim One** as it relates to Jones's freedom of expression claim; and,

(3) **Claims Four**, **Seven**, **Eight**, and **Ten**, to the extent Jones alleges a federal claim.

The motion is also **DENIED** in that defendants, Yohn, Harmon, and Poole, are **DISMISSED WITHOUT PREJUDICE**. The motion is **GRANTED** to the extent that the remainder of Jones's claims are **DISMISSED WITH PREJUDICE**. It is

FURTHER ORDERED that Jones **shall file a Third Amended Complaint, containing only those claims in which he has leave to re-file, on or before Friday, October 25, 2013.**

Dated:  September 27, 2013.

BY THE COURT:

/s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge